Adam H. Becker
Keches Law Group
BBO# 561032
2 Granite Avenue, Suite 400
Milton, MA 02186
Telephone: (508) 821-4355
E-Mail: ABecker@kecheslaw.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**SPRINGFIELD DIVISION**

| | |
|---|---|
| AMANDA ANDRE,<br><br>            Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES LLC, TRANS UNION LLC, DISCOVER BANK, USAA FEDERAL SAVINGS BANK, LENDINGCLUB CORPORATION, and NELNET SERVICING, LLC, d/b/a FIRSTMARK SERVICES,<br><br>            Defendants. | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 *et seq*.<br>2. MASSACHUSETTS CREDIT REPORTING LAW, Mass. Gen. Laws ch. 93, §§48-70<br>3. MASSACHUSETTS CONSUMER PROTECTION LAW, Mass. Gen. Laws ch. 93A, §§1-11 |

Plaintiff, AMANDA ANDRE (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. (hereafter "Experian"), EQUIFAX INFORMATION SERVICES LLC (hereafter "Equifax"), TRANS UNION LLC (hereafter "Trans Union"), DISCOVER PERSONAL LOANS (hereafter "Discover"), USAA FEDERAL SAVINGS BANK (hereafter "USAA"), LENDINGCLUB CORPORATION (hereafter "Lendingclub"), and NELNET SERVICING, LLC, d/b/a FIRSTMARK SERVICES (hereafter "Firstmark/Citizens") (hereafter

collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## PRELIMINARY STATEMENT

1.      This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

2.      Today in America there are three major consumer reporting agencies, Equifax, Trans Union, and Experian.

3.      Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities such as Discover, USAA, Lendingclub, and Firstmark/Citizens, particularly where a consumer makes a dispute about information reported.

4.      When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information, here Discover, USAA, Lendingclub, and Firstmark/Citizens (hereafter collectively "Furnishers"). The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they either learn to be inaccurate or cannot otherwise verify.

5.      The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

# JURISDICTION

6.    The jurisdiction for this Court is conferred by 15 U.S.C. § 1681 (p) and 28 U.S.C. 1367.

7.    Venue is proper in this District as Plaintiff is a resident in this District, the violations described in this Complaint occurred in this District, and Defendants transact business within this District.

8.    Plaintiff is a natural person and resident of Hampden County, within the State of Massachusetts. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

9.    Experian is a corporation headquartered in the State of California, authorized to do business in the State of Massachusetts through its registered agent, CT Corporation System, located at 155 Federal Street Suite 700 Boston, MA 02110.

10.    Experian is a "consumer reporting agency," as defined in 15 USC § 1681(f) and a "credit reporting agency" under Mass. Gen. Laws ch. 93, § 50. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11.    Experian disburses such consumer reports to third parties under contract for monetary compensation.

12.    Equifax is a corporation headquartered in the State of Georgia, authorized to conduct business in the State of Massachusetts through its registered agent, Corporation Service Company, located at 84 State Street, Boston, MA 20109.

13.    Equifax is a "consumer reporting agency," as defined in 15 USC § 1681(f) and a "credit reporting agency" under Mass. Gen. Laws ch. 93, § 50. is regularly engaged in the business of assembling, evaluating, and disbursing information concerning

consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

14.    Equifax disburses such consumer reports to third parties under contract for monetary compensation.

15.    Trans Union is a corporation headquartered in the State of Illinois, authorized to do business in the State of Massachusetts through its registered agent, The Prentice-Hall Corporation System, Inc., located at 84 State St. Boston, MA 02109.

16.    Trans Union is a "consumer reporting agency," as defined in 15 USC § 1681(f) and a "credit reporting agency" under Mass. Gen. Laws ch. 93, § 50. Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

17.    Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

18.    Discover is a corporation incorporated under the laws of the State of Delaware, with its principal place of business located at 502 East Market St, Greenwood DE 19950.

19.    Discover is a "creditor" as defined under 940 Mass. Code Regs. 7.03.

20.    USAA is a corporation incorporated under the laws of the State of Texas, doing business in the State of Massachusetts with its principal place of business located at 9800 Fredericksburg Road, San Antonio, TX 78288.

21.    USAA is a "creditor" as defined under 940 Mass. Code Regs. 7.03.

22.    Lendingclub is a financial banking institution headquartered in Cincinnati, Ohio with its principal place of business located at 595 Market Street, Suite 200, San

Francisco, CA 94105, authorized to conduct business in the State of Massachusetts through its registered agent, Corporation Service Company located at 84 State St, Boston, MA 02109.

23.     Lendingclub is a "creditor" as defined under 940 Mass. Code Regs. 7.03.

24.     Firstmark/Citizens is a loan servicing corporation, operating on behalf of CITIZENS BANK (hereafter Citizens) as a loan account servicing company, incorporated under the laws of the State of Nebraska with its principal place of business located at 121 South 13th Street, Suite 100, Lincoln, NE 68508, which conducts business on the State of Massachusetts through its registered agent CT CORPORATION SYSTEM located at 155 Federal Street, Suite 700, Boston, MA 02110.

25.     Firstmark/Citizens is a "creditor" as defined under 940 Mass. Code Regs. 7.03.

## FACTUAL ALLEGATIONS

26.     Plaintiff is a natural person and resident of the State of Massachusetts.

27.     In or about June of 2019, Plaintiff attempted to apply for a mortgage however was denied due to the inaccurate accounts reporting on her credit report.

28.     After reviewing her credit report, Plaintiff identified multiple inaccurate accounts reporting on her credit.

29.     In 2019, Plaintiff made several contacts with Furnishers to inform them the accounts were not hers and the result of identity theft/mixed file. Plaintiff did not open or authorize anyone to open or use her information for any of the four accounts with Furnishers.

30.     In or about June of 2019, Plaintiff submitted a dispute to Trans Union online disputing all the inaccurate accounts by Furnishers; however Defendants did not

resolve the inaccurate accounts. Defendants failed to investigate the inaccurate accounts and continued erroneously reporting the accounts.

31.     On September 16, 2019, Plaintiff visited the Wilbraham Police Department and filed an identity theft report about the accounts inaccurately reported by Defendants.

32.     Throughout the fall of 2019, Plaintiff was directly communicating and disputing the accounts with all four Furnishers. On September 19, 2019 Plaintiff sent a three (3) page written dispute letter to Discover, USAA, Lendingclub, and Firstmark/Citizens concerning the inaccurate accounts, including both a copy of the police report and an affidavit as requested by these entities.

33.     On October 22, 2019, Citizens inexplicably responded to Plaintiff's dispute requesting the exact documents Plaintiff had already included in their dispute.

34.     Despite Plaintiff providing all the requested documents in their dispute sent on September 19, 2019, Firstmark/Citizens notified Plaintiff via a letter dated October 30, 2019, "We regret to inform you that your request to evaluate the fraudulency of your loan has been denied due to the following reason(s): Our attempts to contact you to obtain additional information have been unsuccessful." Plaintiff was in contact with Citizens.

35.     Firstmark/Citizens clearly failed to investigate Plaintiff's dispute, even failing to properly inspect the dispute letter sent by Plaintiff as it contained the documents they requested, sent prior to their October 22, 2019 response.

36.     On October 24, 2019, Discover responded to Plaintiff's dispute stating "...upon review of the case, we found no evidence this account was established without

your authorization. Our records indicate that the above account was opened under your name on November 17, 2017."

37. On October 30, 2019, Discover again responded to Plaintiff's dispute stating "Based upon our review, the account information being reported to the Credit Bureaus by Discover is accurate."

38. On November 15, 2019, after another Dispute by the Plaintiff, Discover verified the debt indicating "As a result of the above, the account and balance are considered valid."

39. Neither USAA nor Lendingclub responded to Plaintiff's dispute, failing to investigate her demand.

40. On January 2, 2020, Plaintiff sent a three (3) page dispute letter to Experian, Equifax and Trans Union via certified mail, and Plaintiff delineated the numerous errors on Plaintiffs credit report, e.g. incorrect contact information, inaccurate accounts, and inaccurate credit inquiries.

41. Plaintiff provided her full name, social security, addresses, date of birth. Plaintiff also provided her cell phone and email address in case Trans Union or any of the Furnishers needed more information. Plaintiff explained in detail all the fraudulent accounts and her real accounts.

42. On January 18, 2020, Trans Union responded to Plaintiffs dispute of the USAA and Lendingclub accounts indicating, "The disputed item was verified as accurate." Plaintiff never opened or used these accounts.

43. Trans Union responded to Plaintiff's dispute of the Discover account, "Disputed information updated and other information updated" and continue to report the inaccurate derogatory account on Plaintiff's credit report.

44.     Trans Union "deleted" the Firstmark/Citizens account since it did not belong to Plaintiff.

45.     On January 31, 2020, Experian responded to Plaintiffs dispute of the Lendingclub and Discover accounts stating, "Information on this item has been updated" and continued to report the inaccurate derogatory account on Plaintiff's credit report.

46.     Experian responded to Plaintiff's dispute of the Firstmark/Citizens account by stating, "The item you disputed has been updated, which may include an update to the disputed information" and continued to report the inaccurate derogatory account on Plaintiff's credit report. This is the same account Trans Union "Deleted".

47.     Experian ignored and failed to investigate Plaintiff's dispute of the USAA account despite it being clearly marked in the text of Plaintiff's dispute letter and, to the best of Plaintiff's knowledge, continues to report this derogatory information on Plaintiff's credit report.

48.     On February 5, 2020, Equifax responded to Plaintiff's dispute of the Discover and Lendingclub account by stating, "We verified this item belongs to you. This account has been updated. Additional information has been provided from the original source regarding this item."

49.     Equifax responded to Plaintiff's dispute of the Firstmark/Citizens account by stating, "The information you disputed has been verified as accurate, however, information unrelated to your dispute has been updated." This is the same account Trans Union "Deleted".

50.     Equifax ignored and failed to investigate Plaintiff's dispute of the USAA account despite it being clearly marked in the text of Plaintiff's dispute letter and, to the

best of Plaintiff's knowledge, continues to report this derogatory information on Plaintiff's credit report

51. As early as September of 2019, Discover, USAA, Lendingclub, and Firstmark/Citizens had access to account level information, the police report, and the requested affidavit from Plaintiff, yet inexplicably they verified the account(s) and simply updated some information. Discover, USAA, Lendingclub, and Firstmark/Citizens had knowledge the account did not belong to Plaintiff and the result of a mixed file, negligence, and/or identity theft.

52. Despite Plaintiffs numerous detailed disputes and having provided all the requested exculpatory documentation, Defendants failed to conduct a thorough and proper investigation resulting in the continued verification and reporting of the erroneous accounts, resulting in severe damages for Plaintiff.

53. As far as Plaintiff has ascertained, Discover, USAA, Lendingclub, and Firstmark/Citizens, to this date, have never informed Experian, Equifax, or Trans Union that Plaintiff is not the responsible party got the alleged debts.

54. Experian, Equifax, Trans Union have kept the erroneous accounts on Plaintiff's credit report despite being notified that Plaintiff was not the debtor and a victim of a mixed file, negligence, and/or identity theft.

55. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i. Denial for home loans and prevention of obtaining housing;

    ii. Loss of access to already opened lines of credit and a reduction of credit limits;

    iii. Stress from the inability to apply for an auto loan and obtain a vehicle;

iv. Monies lost by attempting to fix her credit, e.g. communications and postage cost;

v. Stress associated with hundreds of hours attempting to resolve this matter over the past two (2) years;

vi. Mental anguish, stress, aggravation, and other related impairments to the enjoyment of life. Embarrassment and disappointment of everyone expecting his attendance to medical school and being denied because of Defendants' mistakes

56. All conditions precedent to the filing of this action have occurred.

## COUNT I

### (Violation of the FCRA - As to Experian)

57. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty six (56) above as if fully set out herein.

58. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

59. As a result of this conduct, action, and inaction of Experian, the Plaintiff suffered damage by the denial of a home loan application, stress associated with a reduction in available credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials. Experian was allowing fraudulent accounts to be reported with addresses that did not belong to the Plaintiff.

60. Experian's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC §

1681n. In the alternative, if Experian was negligent, Plaintiff is entitled to recover under 15 USC § 1681o.

61.     The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts, and any other such relief the Court may deem just and proper.

<u>**COUNT II**</u>

**(Violation of the FCRA - As to Experian)**

62.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully set out herein.

63.     Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and by relying upon verification from a source it has to know is unreliable.

64.     Experian's conduct, action, and inaction as willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, if Experian was negligent, Plaintiff is entitled to recover under 15 USC § 1681o. Experian took no independent

action to investigate the dispute. Plaintiff provided everything to Experian in order to ascertain that erroneous accounts were being reported by Experian.

65.     Plaintiff provided a detailed dispute letter to Experian which should have provided them enough information to verify Plaintiff's identity and determine the accounts opened were not hers. Experian failed to complete an independent investigation into Plaintiff's dispute, instead choosing to parrot the erroneous information provided by Discover, Lendingclub, and Firstmark/Citizens, despite Furnishers having been provided all requested documents including a police report and affidavit to affirm the accounts were the result of fraud.

66.     Experian chose to ignore this information and simply parroted the information provided by Discover, Lendingclub, and Firstmark/Citizens. Experian failed to investigate Plaintiff's dispute of the USAA account despite the account being clearly identified in Plaintiff's dispute letter.

67.     The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE** the Plaintiff demands judgment and compensatory, statutory, and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; for her attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

# COUNT III

## (Violation of the FCRA - As to Equifax)

68.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully set out herein.

69.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

70.     As a result of this conduct, action, and inaction of Equifax, the Plaintiff suffered damage by the denial of a home loan application, stress associated with a reduction in available credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

71.     Equifax's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, if Equifax was negligent, Plaintiff is entitled to recover under 15 USC § 1681o. Equifax allowed inaccurate accounts to be added to Plaintiff's reporting from addresses not belonging to Plaintiff.

72.     The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, EQUIFAX INFORMATION SOLUTIONS, LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts, and any other such relief the Court may deem just and proper.

<u>**COUNT IV**</u>

**(Violation of the FCRA - As to Equifax)**

73.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-eight (48) above as if fully set out herein.

74.     Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and by relying upon verification from a source it has to know is unreliable. Despite several disputes (including police reports provided to Equifax), Equifax refused to conduct any independent investigation.

75.     Equifax's conduct, action, and inaction as willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, if Equifax was negligent, Plaintiff is entitled to recover under 15 USC § 1681o. Equifax took no independent action to investigate the dispute. Equifax inexplicably failed to investigate Plaintiff's first dispute despite having all the necessary information. It followed on their response by misspelling Plaintiff's name demonstrating how little effort was employed to respond to the dispute.

76.     Plaintiff provided a detailed dispute letter to Equifax which should have provided them enough information to verify Plaintiff's identity and determine the accounts opened were not hers. Equifax failed to complete an independent investigation into Plaintiff's dispute, instead choosing to parrot the erroneous information provided by Discover, Lendingclub, and Firstmark/Citizens, despite Furnishers having been

provided all requested documents including a police report and affidavit to affirm the accounts were the result of fraud.

77.     Equifax chose to ignore this information and simply parroted the information provided by Discover, Lendingclub, and Firstmark/Citizens. Equifax failed to investigate Plaintiff's dispute of the USAA account despite the account being clearly identified in Plaintiff's dispute letter.

78.     The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE** the Plaintiff demands judgment and compensatory, statutory, and punitive damages against Defendant, EQUIFAX INFORMATION SOLUTIONS, LLC, jointly and severally; for her attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT V

### (Violation of the FCRA - As to Trans Union)

79.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully set out herein.

80.     Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

81.     As a result of this conduct, action, and inaction of Trans Union, the Plaintiff suffered damage by the denial of a home loan application, stress associated with a reduction in available credit, and mental and emotional pain stemming from the

anguish, humiliation, and embarrassment of credit denials. Trans Union allowed accounts to be reported with knowledge that Plaintiff did not reside at such addresses.

82.     Trans Union's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, if Trans Union was negligent, Plaintiff is entitled to recover under 15 USC § 1681o.

83.     The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, TRANS UNION LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts, and any other such relief the Court may deem just and proper.

## COUNT VI

### (Violation of the FCRA - As to Trans Union)

84.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully set out herein.

85.     Trans Union violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and by relying upon verification from a source it has to know is unreliable. Trans Union determined that the Firstmark/Citizens account was fraudulent and "delete" the account

but did not review the other disputed accounts with the same information as Firstmark/Citizens.

86. Trans Union's conduct, action, and inaction as willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, if Trans Union was negligent, Plaintiff is entitled to recover under 15 USC § 1681o. Trans Union took no independent action to investigate the dispute.

87. Plaintiff provided a detailed dispute letter to Trans Union which should have provided them enough information to verify Plaintiff's identity and determine the accounts opened were not hers. Trans Union failed to complete an independent investigation into Plaintiff's dispute, instead choosing to parrot the erroneous information provided by Furnishers, despite Furnishers having been provided all requested documents including a police report and affidavit to affirm the accounts were the result of fraud.

88. The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE** the Plaintiff demands judgment and compensatory, statutory, and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; for her attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT VII

## (Violation of the FCRA - As to Discover)

89.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully set out herein.

90.     Discover published erroneous representations to Trans Union and, through Trans Union, to all of Plaintiff's potential lenders on multiple occasions.

91.     Discover violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of Discover's representation; by failing to review all relevant information regarding same; by failing to accurately respond to Trans Union; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Discover representations to the consumer reporting agencies.

92.     Discover violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Trans Union after Discover had been notified that the information was inaccurate. Plaintiff communicated repeatedly with Discover bank disputing this debt.

93.     Discover had substantial evidence from multiple independent parties to have verified that the Plaintiff was not the responsible party. Further, even if Discover would attempt to plead ignorance, it had all of the evidence and information with which to confirm and recognize the Plaintiff was not the liable party. Plaintiff repeatedly communicated with Discover and provided documents requested by representatives of Discover to prove the fraudulent nature of the accounts.

94.     Discover's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, if Discover was negligent, Plaintiff is entitled to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, DISCOVER BANK, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts, and any other such relief the Court may deem just and proper.

## COUNT VIII

## (Violation of the FCRA - As to USAA)

95.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully set out herein.

96.     USAA published erroneous representations to Trans Union and, through Trans Union, to all of Plaintiff's potential lenders on multiple occasions.

97.     USAA violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of USAA's representation; by failing to review all relevant information regarding same; by failing to accurately respond to Trans Union; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the USAA representations to the consumer reporting agencies.

98.     USAA violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Trans Union after USAA had been notified that the information was inaccurate. Plaintiff communicated repeatedly with USAA bank disputing this debt.

99. USAA had substantial evidence from multiple independent parties to have verified that the Plaintiff was not the responsible party. Further, even if USAA would attempt to plead ignorance, it had all of the evidence and information with which to confirm and recognize the Plaintiff was not the liable party. Plaintiff repeatedly communicated with USAA and provided documents requested by representatives of USAA to prove the fraudulent nature of the accounts.

100. USAA's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, if USAA was negligent, Plaintiff is entitled to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, USAA FEDERAL SAVINGS BANK, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts, and any other such relief the Court may deem just and proper.

## COUNT IX

### (Violation of the FCRA - As to Lendingclub)

101. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully set out herein.

102. Lendingclub published erroneous representations to Trans Union and, through Trans Union, to all of Plaintiff's potential lenders on multiple occasions.

103. Lendingclub violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of Lendingclub's representation; by failing to review all relevant information regarding same; by failing to accurately respond to Trans Union;

by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Lendingclub representations to the consumer reporting agencies.

104. Lendingclub violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Trans Union after Lendingclub had been notified that the information was inaccurate. Plaintiff communicated repeatedly with Lendingclub bank disputing this debt.

105. Lendingclub did not have any reasonable basis to believe that the Plaintiff was responsible for the accounts in question. It also had substantial evidence from multiple independent parties to have verified that the Plaintiff was not the responsible party. Further, even if Lendingclub would attempt to plead ignorance, it had all of the evidence and information with which to confirm and recognize the Plaintiff was not the liable party. Plaintiff repeatedly communicated with Lendingclub and provided documents requested by representatives of Lendingclub to prove the fraudulent nature of the accounts.

106. Lendingclub's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, if Lendingclub was negligent, Plaintiff is entitled to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, LENDINGCLUB CORPORATION, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees,

enjoinder from further violations of these parts, and any other such relief the Court may deem just and proper.

**COUNT X**

**(Violation of the FCRA - As to Firstmark/Citizens)**

107.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully set out herein.

108.     Firstmark/Citizens published erroneous representations to Trans Union and, through Trans Union, to all of Plaintiff's potential lenders on multiple occasions.

109.     Firstmark/Citizens violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of Firstmark/Citizens's representation; by failing to review all relevant information regarding same; by failing to accurately respond to Trans Union; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Firstmark/Citizens representations to the consumer reporting agencies.

110.     Firstmark/Citizens violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Trans Union after Firstmark/Citizens had been notified that the information was inaccurate. Plaintiff communicated repeatedly with Firstmark/Citizens bank disputing this debt.

111.     Firstmark/Citizens had substantial evidence from multiple independent parties to have verified that the Plaintiff was not the responsible party. Further, even if Firstmark/Citizens would attempt to plead ignorance, it had all of the evidence and information with which to confirm and recognize the Plaintiff was not the liable party. Plaintiff repeatedly communicated with Firstmark/Citizens and provided documents

requested by representatives of Firstmark/Citizens to prove the fraudulent nature of the accounts.

112.     Firstmark/Citizens's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, if Firstmark/Citizens was negligent, Plaintiff is entitled to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, NELNET SERVICING LLC d/b/a FIRSTMARK SERVICES , for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts, and any other such relief the Court may deem just and proper.

## COUNT XI

**Violations of the MCRL, Mass. Gen. Laws ch. 93, §54A(a) against Discover**

113.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully set out herein.

114.     Massachusetts General Law, Chapter 93 §54A(a) provides that "[e]very person who furnishes information to a consumer reporting agency shall follow reasonable procedures to ensure that the information reported to a consumer reporting agency is accurate and complete. No person may provide information to a consumer reporting agency if such person knows or has reasonable cause to believe such information is not accurate or complete."

115.     Following a demand by Plaintiff, Discover failed to take the necessary corrective action. Discover provided inaccurate and incomplete information to Trans

Union by verifying the accuracy of the account despite Plaintiff providing all necessary information to determine Plaintiff is not the responsible party.

116.    Discover's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to, along with attorneys' fees and costs, as well as other such relief, permitted by Mass. Gen. Laws ch. 93 §§63, 64.

117.    As a result of the above-described violations Plaintiff have sustained damages including loss of the opportunities to obtain credit or better credit conditions, the denial of a home loan application, stress associated with a reduction in available credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

118.    Discover's violation of the MCRL was willful and therefore Plaintiff are entitled to seek punitive damages.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, DISCOVER BANK, for statutory damages, punitive damages, actual damages, costs, attorney fees, and any other such relief the Court may deem just and proper.

## COUNT XII

**Violations of the MCPL, Mass. Gen. Laws ch. 93A, §§1-11, and 940 Mass. Code Regs. 7.00 *et seq*. against Discover**

119.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully set out herein.

120.    Massachusetts General Law, Chapter 93A §2(a) makes unlawful, unfair or deceptive acts or practices in the conduct of any trade or commerce. §2(c) authorizes

the attorney general to make rules and regulations interpreting §2(a). The attorney general has interpreted §2(a) as encompassing the following acts or practices (940 Mass. Code Regs. 7.07):

121. "Any knowingly false or misleading representation in any communication as to the character, extent or amount of the deb . . ." 7.07(2).

      i. "Any false, deceptive, or misleading representation, communication, or means in connection with the collection of any debt or to obtain information concerning a debtor." 7.07(8).

      ii. "Any false or misleading representation or implication that the debtor committed any crime or other conduct in order to disgrace the debtor." 7.07(10).

      iii. "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false including, without limitation, the failure to communicate that a disputed debt is disputed." 7.07(11).

122. Discover violated the MCPL by communicating false and misleading information concerning a debt —including its character, extent, and amount— and debt collection about Plaintiff, disgracing Plaintiff.

123. Discover's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to, along with attorneys' fees and costs, as well as other such relief, permitted by Mass. Gen. Laws ch. 93A §9.

124. As a result of the above-described violations Plaintiff have sustained damages including loss of the opportunities to obtain credit or better credit conditions,

the denial of a home loan application, stress associated with a reduction in available credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

125.    Discover's violation of the MCPL was willful or knowing and therefore Plaintiffs are entitled to seek three times their actual damages under Mass. Gen. Laws ch. 93A §9.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, DISCOVER BANK, for statutory damages, punitive damages, actual damages, costs, attorney fees, and any other such relief the Court may deem just and proper.

## COUNT XIII

### Violations of the MCRL, Mass. Gen. Laws ch. 93, §54A(a) against USAA

126.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully set out herein.

127.    Massachusetts General Law, Chapter 93 §54A(a) provides that "[e]very person who furnishes information to a consumer reporting agency shall follow reasonable procedures to ensure that the information reported to a consumer reporting agency is accurate and complete. No person may provide information to a consumer reporting agency if such person knows or has reasonable cause to believe such information is not accurate or complete."

128.    Following a demand by Plaintiff, USAA failed to take the necessary corrective action.

129.    USAA provided inaccurate and incomplete information to Trans Union by

verifying the accuracy of the account despite Plaintiff providing all necessary information to determine Plaintiff is not the responsible party.

130.    USAA's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to, along with attorneys' fees and costs, as well as other such relief, permitted by Mass. Gen. Laws ch. 93 §§63, 64.

131.    As a result of the above-described violations Plaintiff have sustained damages including loss of the opportunities to obtain credit or better credit conditions, the denial of a home loan application, stress associated with a reduction in available credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

132.    USAA's violation of the MCRL was willful and therefore Plaintiffs are entitled to seek punitive damages.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, USAA FEDERAL SAVINGS BANK, for statutory damages, punitive damages, actual damages, costs, attorney fees, and any other such relief the Court may deem just and proper.

## COUNT XIV

### Violations of the MCPL, Mass. Gen. Laws ch. 93A, §§1-11, and 940 Mass. Code Regs. 7.00 *et seq.* against USAA

133.    Plaintiff re-alleges and incorporates paragraphs one one (1) through fifty-six (56) above as if fully set out herein.

134.    Massachusetts General Law, Chapter 93A §2(a) makes unlawful, unfair

or deceptive acts or practices in the conduct of any trade or commerce. §2(c) authorizes the attorney general to make rules and regulations interpreting §2(a). The attorney general has interpreted §2(a) as encompassing the following acts or practices (940 Mass. Code Regs. 7.07):

  i. "Any knowingly false or misleading representation in any communication as to the character, extent or amount of the deb . . ." 7.07(2).

  ii. "Any false, deceptive, or misleading representation, communication, or means in connection with the collection of any debt or to obtain information concerning a debtor." 7.07(8).

  iii. "Any false or misleading representation or implication that the debtor committed any crime or other conduct in order to disgrace the debtor." 7.07(10).

  iv. "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false including, without limitation, the failure to communicate that a disputed debt is disputed." 7.07(11).

135. USAA violated the MCPL by communicating false and misleading information concerning a debt —including its character, extent and amount— and debt collection about Plaintiffs, disgracing Plaintiffs.

136. USAA's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to, along with attorneys' fees and costs, as well as other such relief, permitted by Mass. Gen. Laws ch. 93A §9.

137. As a result of the above-described violations Plaintiff have sustained damages including loss of the opportunities to obtain credit or better credit conditions, the denial of a home loan application, stress associated with a reduction in available credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

138. USAA's violation of the MCPL was willful or knowing and therefore Plaintiffs are entitled to seek three times their actual damages under Mass. Gen. Laws ch. 93A §9(3).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, USAA FEDERAL SAVINGS BANK, for statutory damages, punitive damages, actual damages, costs, attorney fees, and any other such relief the Court may deem just and proper.

## COUNT XV

### Violations of the MCRL, Mass. Gen. Laws ch. 93, §54A(a) against Lendingclub

139. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully set out herein.

140. Massachusetts General Law, Chapter 93 §54A(a) provides that "[e]very person who furnishes information to a consumer reporting agency shall follow reasonable procedures to ensure that the information reported to a consumer reporting agency is accurate and complete. No person may provide information to a consumer reporting agency if such person knows or has reasonable cause to believe such information is not accurate or complete."

141. Following a demand by Plaintiff, Lendingclub failed to take the necessary

corrective action.

142. Lendingclub provided inaccurate and incomplete information to Trans Union by verifying the accuracy of the account despite Plaintiff providing all necessary information to determine Plaintiff is not the responsible party.

143. Lendingclub's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to, along with attorneys' fees and costs, as well as other such relief, permitted by Mass. Gen. Laws ch. 93 §§63, 64.

144. As a result of the above-described violations Plaintiff have sustained damages including loss of the opportunities to obtain credit or better credit conditions, the denial of a home loan application, stress associated with a reduction in available credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

145. Lendingclub's violation of the MCRL was willful and therefore Plaintiffs are entitled to seek punitive damages.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, LENDINGCLUB CORPORATION, for statutory damages, punitive damages, actual damages, costs, attorney fees, and any other such relief the Court may deem just and proper.

## COUNT XVI

## Violations of the MCPL, Mass. Gen. Laws ch. 93A, §§1-11, and 940 Mass. Code Regs. 7.00 *et seq*. against Lendingclub

146.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully set out herein.

147.     Massachusetts General Law, Chapter 93A §2(a) makes unlawful, unfair or deceptive acts or practices in the conduct of any trade or commerce. §2(c) authorizes the attorney general to make rules and regulations interpreting §2(a). The attorney general has interpreted §2(a) as encompassing the following acts or practices (940 Mass. Code Regs. 7.07):

    i.   "Any knowingly false or misleading representation in any communication as to the character, extent or amount of the deb . . ." 7.07(2).

    ii.   "Any false, deceptive, or misleading representation, communication, or means in connection with the collection of any debt or to obtain information concerning a debtor." 7.07(8).

    iii.   "Any false or misleading representation or implication that the debtor committed any crime or other conduct in order to disgrace the debtor." 7.07(10).

    iv.   "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false including, without limitation, the failure to communicate that a disputed debt is disputed." 7.07(11).

148. Lendingclub violated the MCPL by communicating false and misleading information concerning a debt —including its character, extent and amount— and debt collection about Plaintiffs, disgracing Plaintiffs.

149. Lendingclub's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiffs that are outlined more fully above, and as a result, Lendingclub is liable to compensate Plaintiffs for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by Mass. Gen. Laws ch. 93A §9.

150. As a result of the above-described violations Plaintiffs have sustained damages including loss of the opportunities to obtain credit or better credit conditions, emotional distress, and mental and physical pain.

151. Lendingclub's violation of the MCPL was willful or knowing and therefore Plaintiffs are entitled to seek three times their actual damages under Mass. Gen. Laws ch. 93A §9(3).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, LENDINGCLUB CORPORATION, for statutory damages, punitive damages, actual damages, costs, attorney fees, and any other such relief the Court may deem just and proper.

## COUNT XVII

### Violations of the MCRL, Mass. Gen. Laws ch. 93, §54A(a) against Firstmark/Citizens

152. Plaintiff re-alleges and incorporates paragraphs one one (1) through fifty-six (56) above as if fully set out herein.

153.    Massachusetts General Law, Chapter 93 §54A(a) provides that "[e]very person who furnishes information to a consumer reporting agency shall follow reasonable procedures to ensure that the information reported to a consumer reporting agency is accurate and complete. No person may provide information to a consumer reporting agency if such person knows or has reasonable cause to believe such information is not accurate or complete."

154.    Following a demand by Plaintiff, Firstmark/Citizens failed to take the necessary corrective action.

155.    Firstmark/Citizens provided inaccurate and incomplete information to Trans Union by verifying the accuracy of the account despite Plaintiff providing all necessary information to determine Plaintiff is not the responsible party.

156.    Firstmark/Citizens's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to, along with attorneys' fees and costs, as well as other such relief, permitted by Mass. Gen. Laws ch. 93 §§63, 64.

157.    As a result of the above-described violations Plaintiff have sustained damages including loss of the opportunities to obtain credit or better credit conditions, the denial of a home loan application, stress associated with a reduction in available credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

158.    Firstmark/Citizens's violation of the MCRL was willful and therefore Plaintiff is entitled to seek punitive damages.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, NELNET SERVICING, LLC, d/b/a

FIRSTMARK SERVICES, for statutory damages, punitive damages, actual damages, costs, attorney fees, and any other such relief the Court may deem just and proper.

## COUNT XVIII

### Violations of the MCPL, Mass. Gen. Laws ch. 93A, §§1-11, and 940 Mass. Code Regs. 7.00 *et seq*. against Lendingclub

159.	Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully set out herein.

160.	Massachusetts General Law, Chapter 93A §2(a) makes unlawful, unfair or deceptive acts or practices in the conduct of any trade or commerce. §2(c) authorizes the attorney general to make rules and regulations interpreting §2(a). The attorney general has interpreted §2(a) as encompassing the following acts or practices (940 Mass. Code Regs. 7.07):

  i.	"Any knowingly false or misleading representation in any communication as to the character, extent or amount of the deb . . ." 7.07(2).

 ii.	"Any false, deceptive, or misleading representation, communication, or means in connection with the collection of any debt or to obtain information concerning a debtor." 7.07(8).

iii.	"Any false or misleading representation or implication that the debtor committed any crime or other conduct in order to disgrace the debtor." 7.07(10).

 iv.	"Communicating or threatening to communicate to any person credit information which is known or which should be known to be

34

false including, without limitation, the failure to communicate that a disputed debt is disputed." 7.07(11).

161.   Firstmark/Citizens violated the MCPL by communicating false and misleading information concerning a debt —including its character, extent and amount— and debt collection about Plaintiffs, disgracing Plaintiffs.

162.   Firstmark/Citizens's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiffs that are outlined more fully above, and as a result, Firstmark/Citizens is liable to compensate Plaintiffs for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by Mass. Gen. Laws ch. 93A §9.

163.   As a result of the above-described violations Plaintiffs have sustained damages including loss of the opportunities to obtain credit or better credit conditions, emotional distress, and mental and physical pain.

164.   Firstmark/Citizens's violation of the MCPL was willful or knowing and therefore Plaintiffs are entitled to seek three times their actual damages under Mass. Gen. Laws ch. 93A §9(3).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, NELNET SOLUTIONS, LLC, d/b/a FIRSTMARK SERVICES, for statutory damages, punitive damages, actual damages, costs, attorney fees, and any other such relief the Court may deem just and proper.

Respectfully submitted,

**/S/ Adam H. Becker**
Adam H. Becker, Esquire
Keches Law Group
2 Granite Ave., #400
Milton, MA 02186
Tele: (508) 821-4355
Fax:  (508) 822-8022
abecker@kecheslaw.com
Attorney for Plaintiff


**/s/ Octavio "Tav" Gomez**
Octavio "Tav" Gomez, Esquire (*Pro Hac Vice Motion Forthcoming*)
Florida Bar No.: 0338620
Pennsylvania Bar No.:325066
Georgia Bar: No.: 617963
Morgan & Morgan Tampa, P.A.
201 N. Franklin Street, Suite 700
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4797
Primary Email: TGomez@ForThePeople.com
Secondary Email: LDobbins@ForThePeople.com
*Attorney for Plaintiff*